IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHILLIP H. LAWRENCE,                    :

    Petitioner,                         :

                                    Case No. 3:04cv074

    vs.                                  :

                                    JUDGE WALTER HERBERT RICE

PAT HURLEY, Warden,                     :
Ross Correctional Institution,

                               :

    Respondent.

---

DECISION AND ENTRY ADOPTING, WITH ONE EXCEPTION, REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) AND OVERRULING PETITIONER'S OBJECTIONS THERETO (DOC. #14); JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER, DENYING PETITIONER'S REQUEST FOR WRIT OF HABEAS CORPUS IN ITS ENTIRETY; REQUEST FOR CERTIFICATE OF APPEALABILITY DENIED; TERMINATION ENTRY

---

Based upon the reasoning and citations of authority set forth by the United States Magistrate Judge, in her Report and Recommendations dated May 10, 2007 (Doc. #12), as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court adopts, with one exception, said Report and

Recommendations in their entirety and overrules Petitioner's objections thereto (Doc. #14).

In ruling as aforesaid, the Court makes the following non-exclusive, observations. In Attachment No. 3 to his Petition for Writ of Habeas Corpus, wherein he states the grounds for his Petition, the *pro se* Petitioner frames "Ground Two" as follows: "Petitioner was denied due process of law where his convictions are against the manifest weight of the evidence." Doc. #1 at 10. The Petitioner lists the following "supporting facts" for Ground Two: "The state did not prove, as required, each and every element. The evidence produced by the state was not reliable and was vague, uncertain and in conflict with other evidence." Id. This characterization of Ground Two is in contrast to the manner the Petitioner framed this Ground on direct appeal, to wit: "Appellant's convictions are against the manifest weight of the evidence." Doc. #6, Ex. #11 (Appellate Brief) at 7-11; Doc. #6, Ex. #15 (Appellate Court Opinion, dated Oct. 11, 2002) at 3. This revised language in the Petition could arguably be asserting both that the Petitioner's conviction was against the manifest weight of the evidence (a state law claim, which a Federal District Court may not consider on habeas review) and/or that the conviction was based on insufficient evidence (a due process claim, which a Federal District Court could, in certain circumstances, consider on habeas review). 28 U.S.C. § 2254(a); Walker v. Engle, 703 F.2d 959, 969 (6th Cir. 1983); Diederich v. Anderson, 2006 U.S. Dist. LEXIS 86275, **23-24 (S.D. Ohio Sept. 8, 2006).

To the extent the Magistrate Judge's Report and Recommendations did not distinguish between the two aspects of Plaintiff-Petitioner's Second Ground for Habeas Relief, said Report and Recommendations are not adopted.  In the Court's opinion, however, said distinction is one without a difference.  The Petitioner may not now assert a claim for insufficiency of evidence or violation of his due process rights, because he procedurally defaulted on that claim in the state court system.  Nowhere in his direct appeal, either before the Second District Court of Appeals, where he was represented by counsel, or before the Ohio Supreme Court, where he proceeded *pro se*, did he assert such claim.  Furthermore, he filed neither a motion to reopen his appeal, under Ohio Appellate Rule 26(B), nor a petition for postconviction relief, under Ohio Revised Code § 2953.21, in order to assert such a claim.  Thus, because the Petitioner procedurally defaulted on a sufficiency of evidence, or due process, claim and has not shown or attempted to show cause and prejudice for having done so, House v. Bell, 126 S. Ct. 2064, 2076 (2006) (stating that, as a general rule, "claims forfeited under state law may support federal habeas relief only if the prisoner demonstrates cause for the default and prejudice from the asserted error"), he is not entitled to bring such a claim in a Federal habeas action and, thus, the Court could not consider such herein. 28 U.S.C. § 2254(b); see also Anderson v. Harless, 459 U.S. 4, 6 (1982) ("28 U. S. C. § 2254 requires a federal habeas petitioner to provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim."); Sampson v. Love, 782 F.2d 53, 55-57 (6th Cir. 1986).

As to the request for a Certificate of Appealability, the Petitioner has failed to make a substantial showing of the denial of a constitutional right, by demonstrating that the Court's decision herein would be debatable among jurists of reason.  Thus, the request for a Certificate of Appealability is denied.

Judgment is to enter in favor of the Defendant-Respondent and against the Plaintiff-Petitioner, denying Plaintiff-Petitioner's Petition for Writ of Habeas Corpus in its entirety and, further, denying a Certificate of Appealability.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 27, 2007

   /s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
Petitioner
Counsel of record